**People of the State of CALIFORNIA, Plaintiff—Appellee,**

v.

**Toyin DAWODU, Defendant— Appellant.**

No. 03–50622.

D.C. No. CR–03–01121–GAF.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2004.

Decided Dec. 21, 2004.

Grover C. Trask, II, Elaina Bentley, Riverside District Attorney, Riverside, CA, for Plaintiff–Appellee.

Frank A. Weiser, Los Angeles, CA, for Defendant–Appellant.

Before REINHARDT, BEEZER, and WARDLAW, Circuit Judges.

## MEMORANDUM *

Appellant Toyin Dawodu appeals the district court's order remanding Dawodu's state criminal prosecution for alleged violations of California's Financial and Penal Codes. Dawodu removed his state criminal prosecution pursuant to 28 U.S.C. § 1443(1), which allows removal of "civil actions or criminal prosecutions" based on allegations that state proceedings would violate certain federally protected civil rights. Dawodu's appeal asserts that his prosecution is racially motivated and that removal is proper under the Fourteenth Amendment as well as 42 U.S.C. §§ 1981, 1983 and 1985(3). We have jurisdiction under 28 U.S.C. § 1447(d) and affirm.

The Supreme Court has established that removal pursuant to Section 1443(1) must satisfy two requirements. First, the civil right allegedly denied must arise under a federal law "providing for specific civil rights stated in terms of racial equality." *Georgia v. Rachel*, 384 U.S. 780, 792, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966). Second, the defendant must show that the state courts will deny or not enforce that specified right. *Id.* at 788; *see also Johnson v. Mississippi*, 421 U.S. 213, 219, 95 S.Ct. 1591, 44 L.Ed.2d 121 (1975).

■  Dawodu's Fourteenth Amendment, Section 1983, and Section 1985 grounds do not satisfy *Rachel's* first requirement. These laws do not provide for specific civil rights "stated in terms of racial equality." *Rachel*, 384 U.S. at 792.

■  Dawodu's Section 1981 ground fails to satisfy *Rachel's* second requirement. Dawodu attempts to fit his claim into the narrow circumstance in which the enforcement of a facially neutral state law "enables the federal court to make the clear prediction" that the defendant's protected civil right will be violated by state court proceedings. *Id.* at 805. Dawodu's claim does not qualify for this exception. Dawodu is charged with embezzlement and other financial violations that are not the subject of protection by civil rights legislation. Even as amended, Section 1981 does not provide an "absolute right to 'violate' the explicit terms" of these state laws. *See City of Greenwood v. Peacock*, 384 U.S. 808, 826, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966); *accord Johnson*, 421 U.S. at 222.

The district court's order remanding Dawodu's state prosecution is AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.